**DLA PIPER LLP (US)**
Michael Fluhr (SBN 277372)
Michael.Fluhr@dlapiper.com
555 Mission Street, Suite 2400
San Francisco, California 94105
Telephone:  415.836.2500
Facsimile:   415.836.2501

Ashley Escudero (SBN 250473)
Ashley.Escudero@dlapiper.com
401 B Street, Suite 1700
San Diego, California 92101
Telephone:  619.699.2700
Facsimile:   619.699.2701
*Admission to Eastern District Pending*

Attorneys for Defendants
MICHELLE SWEARINGEN, WOODLAKE
CARE GROUP, LLC dba THE WOODLAKE and
LEISURE CARE, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN DARBISON, individually, and ELLIE LONANECKER, individually, | CASE NO. |
| Plaintiffs, | **NOTICE OF REMOVAL BY DEFENDANTS WOODLAKE CARE GROUP, LLC DBA THE WOODLAKE AND LEISURE CARE, LLC** |
| v. | |
| MICHELLE SWEARINGEN, WOODLAKE CARE GROUP LLC dba THE WOODLAKE; LEISURE CARE LLC; and DOES 1 through 100, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants WOODLAKE CARE GROUP, LLC dba THE WOODLAKE and LEISURE CARE, LLC (collectively hereafter "Defendants") hereby remove Case No. 34-2022-00316935 from the Superior Court of California, County of Sacramento (hereafter the "Action"), to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the basis of diversity jurisdiction. In support of this Notice of Removal, Defendants state as follows:

## I.    JURISDICTION

This Court has original jurisdiction over the Action under 28 U.S.C. § 1332 and the Action may be removed, and is removed, to this Court by Defendants pursuant to 28 U.S.C. § 1441 because: (1) there is the requisite diversity of citizenship as Plaintiffs and the properly-joined Defendants are not citizens of the same state; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    Complete Diversity Exists

Plaintiffs Helen Darbison and Ellie Longanecker are residents of Sacramento County.  *See,* **Exhibits 3, 4**, ¶¶ 2-3.  As such, they are citizens of California.

"The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta,* 150 F.3d 728, 731(7th Cir. 1998). A limited liability company "is a citizen of every state of which its owner/members are citizens." *Johnson v. Columbia Prop. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *see also*, *Hukic v. Aurora Loan Services,* 588 F.3d 420, 427 (7th Cir. 2009) (citizenship of members is the sole consideration to determine citizenship of a limited liability company, and the states of principal place of business and organization are irrelevant); *Delay v. Rosenthal Collins Group, LLC* 585 F.3d 1003, 1005 (6th Cir. 2009) (a limited liability company has the citizenship

of each of its members, not of its states or organization and principal place of business).

At all times relevant to this action, including at the time the Action was filed, Defendant Woodlake Care Group, LLC was and is a Delaware limited liability company. Its members are Columbia Pacific Advisors, LLC and Columbia Pacific Real Estate Fund II GP, LLC, both of which are Washington limited liability companies.  The members of Columbia Pacific Advisors, LLC and Columbia Pacific Real Estate Fund II GP, LLC are individuals and citizens of Washington. Accordingly, Woodlake Care Group, LLC is a citizen of Washington.

At all times relevant to the Action, including at the time this action was filed, Defendant Leisure Care, LLC was and is a Washington limited liability company. Its members are WFLC9 LLC, 180 Holdings, LLC, 181 Investors, LLC, and Columbia Pacific Opportunity Fund, LP. WFLC9 LLC is a New York limited liability company. 180 Holdings, LLC and 181 Investors, LLC are Washington limited liability companies. Columbia Pacific Opportunity Fund, LP is a Washington limited partnership. The members of WFLC9 LLC, 180 Holdings, LLC, 181 Investors, LLC, and Columbia Pacific Opportunity Fund, LP are individuals and citizens of Washington. Accordingly, Leisure Care, LLC is a citizen of Washington.

"The Woodlake" is the fictitious business name of the assisted living facility at which Ms. Darbison resided.  Doing business under a fictitious business name does not create a separate legal entity. *Meller & Snyder v. R.T. Properties, Inc.,* 62 Cal.App.4th 1303, 1311 (1998). Accordingly, "The Woodlake" is not a legal entity and is disregarded for the purposes of removal and determining diversity jurisdiction.

Defendant Michelle Swearingen is a citizen of California, but her citizenship should be disregarded for the purposes of determining whether diversity exists. As fully explained below in Section IV, Ms. Swearingen has been fraudulently joined in a thinly-veiled attempt to defeat diversity and avoid federal court jurisdiction.

1    The citizenship of DOES 1-100 is disregarded for the purposes of removal
2  and determining diversity jurisdiction. *28 U.S.C.* § 1441(a) ("For purposes of
3  removal under this chapter, the citizenship of defendants sued under fictitious
4  names shall be disregarded.").

5    Plaintiffs are citizens of California. The requisite diversity of citizenship is
6  satisfied here because neither Leisure Care, LLC nor Woodlake Care Group, LLC
7  is a citizen of California.

8    **B.    The Amount In Controversy Exceeds $75,000**

9    "The amount in controversy is simply an estimate of the total amount in
10 dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon
11 Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "To establish the jurisdictional
12 amount, [Defendants] need not concede liability for the entire amount" plaintiff
13 seeks.  (*Id.*)  When determining the amount in controversy, courts should first look
14 to the complaint. *See, St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,
15 289 (1938). The removing defendant only bears the burden of establishing, by a
16 preponderance of the evidence, that the amount in controversy exceeds $75,000
17 where the Complaint does not specify a particular amount of damages. *Sanchez v.
   Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

18   The amount in controversy need not be stated in the state court pleadings,
19 but it may be "facially apparent" from the nature of the injury claimed, the wrong
20 alleged, or other allegations, that the amount in controversy exceeds the
21 jurisdictional minimum. *See, Bush v. Winn Dixie Montgomery, LLC,* 132 F.Supp.3d
22 1317, 1318-1320 (ND AL 2015). Here, Plaintiffs assert causes of action for elder
23 abuse/neglect, fraud, and negligent infliction of emotional distress. Plaintiffs allege
24 Ms. Darbison suffered a significant head injury from a fall at The Woodlake and
25 continues to suffer from medical complications. Plaintiffs allege Ms. Longanecker
26 suffered and continues to suffer severe and substantial emotional distress. Plaintiffs
27 seek general and special damages, punitive damages, and attorneys' fees. Given the
28 causes of action, claims, allegations, and purported injuries, it is "facially apparent"

that the amount in controversy exceeds $75,000 and, therefore, is above the threshold set forth in 28 U.S.C. § 1332.

## II.    THE STATE COURT ACTION

This is a personal injury action in which Plaintiffs allege Ms. Darbison suffered injuries as a result of the care provided to her while she resided at The Woodlake assisted living facility. Plaintiffs also allege Ms. Longanecker suffered emotional distress as a result of the injuries suffered by Ms. Darbison. Plaintiffs filed the removed action, *Helen Darbison, individually and Ellie Longanecker, individually, v. Michelle Swearingen, et al.*, on or about March 15, 2022, in the Superior Court of California, Sacramento County, Case No. 34-2022-00316935. On or about March 23, 2022, Plaintiffs filed a First Amended Complaint adding Leisure Care, LLC and Woodlake Care Group, LLC.

Plaintiffs assert five causes of action under California state law: (1) elder abuse/neglect; (2) fraud (misrepresentation); (3) fraud (constructive); (4) fraud (concealment); and (5) negligence infliction of emotional distress.

On March 22, 2022, Defendant Michelle Swearingen was served with the Summons and Complaint and case related documents.

On April 21, 2022, Leisure Care, LLC was served with the First Amended Complaint and Summons and case-related documents through its agent for service of process, Cogency Global, Inc. A true and correct copy of the Proof of Service are attached hereto as **Exhibit 1**.

On April 21, 2022, Woodlake Care Group, LLC dba The Woodlake was served with the First Amended Complaint and Summons and case-related documents through its agent for service of process, Corporation Service Company. A true and correct copy of the Proof of Service are attached hereto as **Exhibit 2**.

Attached hereto as **Exhibit 3** and incorporated herein is a true and correct copy of the original Complaint served upon Michelle Swearingen. Attached as **Exhibit 4** is a true and correct copy of the First Amended Complaint served upon

Woodlake Care Group, LLC dba The Woodlake and Leisure Care, LLC through their respective agents for service of process.

## III.  PROCEDURAL HISTORY

On February 3, 2022, Plaintiffs filed a Complaint for Damages in Sacramento County Superior Court (hereafter referred to as the "February Complaint"). The February Complaint named only two defendants: Woodlake Care Group, LLC and Leisure Care, LLC, as the owners, operators, managers, and/or licensees of The Woodlake and the employers of the staff alleged to have provided substandard care to Ms. Darbison. The February Complaint asserted causes of action for: (1) elder abuse/neglect; (2) fraud (misrepresentation); (3) fraud (constructive); (4) fraud (concealment); and (5) negligent infliction of emotional distress. Generally, the February Complaint alleged Ms. Darbison suffered physical injuries as a result of the care provided to her while she resided at The Woodlake, and Ms. Longanecker suffered emotional distress by witnessing the alleged injuries suffered by Ms. Darbison.  A true and correct copy of the February Complaint is attached hereto as **Exhibit 5**.

Prior to filing their February Complaint, Plaintiffs had knowledge of Michelle Swearingen's identity, that she was the General Manager/Administrator of The Woodlake during Ms. Darbison's admission, that she worked and lived in Sacramento County, and that she was a citizen of California. Plaintiffs did not name Ms. Swearingen as a Defendant in the February Complaint.

On March 11, 2022, Woodlake Care Group, LLC and Leisure Care, LLC properly removed the action to the United States District Court for the Eastern District of California on the grounds that complete diversity of citizenship existed because Plaintiffs were (and are) citizens of California while Leisure Care, LLC and Woodlake Care Group, LLC were (and are) not. The removed action was assigned Case No. 2:22-at-00270. *Declaration of Ashley A. Escudero* ("*Escudero Decl.*"), ¶ 2.

On March 13, 2022, Plaintiffs voluntarily dismissed the entire action in the Eastern District of California. *Escudero Decl.*, ¶ 3, **Exhibit 6**.

On or about March 15, 2022, Plaintiffs filed a new Complaint for Damages in the Sacramento County Superior Court (hereafter the "March Complaint"), naming only one Defendant: Ms. Swearingen. *See*, **Exhibit 3.** The March Complaint asserts the same causes of actions, same claims, and same allegations as the February Complaint.

In Paragraph 5 of the March Complaint, Plaintiffs aver they were "ignorant of the true names, capacities, and the underlying facts giving rise to liability of those Defendants named as Does 1 through 100…, and for that reason have sued these Defendants by fictitious names." Plaintiffs further aver they would seek leave of the Court to amend the March Complaint to identify those defendants "when their identities, capacities, and underlying facts of liability are determined." *See,* **Exhibit 3**, ¶ 5.

Paragraph 7 of the March Complaint states DOE Defendants 1-100 would be referred to as the "Corporate Defendants". In Paragraph 8 of the March Complaint, Plaintiffs state the Corporate Defendants "owned, operated, and controlled" The Woodlake. *See,* **Exhibit 3**, ¶ 7.

Plaintiffs were not ignorant of the names, capacities, or underlying facts giving rise to potential liability against the "Corporate Defendants". Paragraphs 4, 5, 9, 10, 11, 12, 13, 14, 15 and 16 of the February Complaint identify Woodlake Care Group, LLC and Leisure Care, LLC, their capacities as owners, operators, managers, and/or controllers of The Woodlake facility, and the alleged facts giving rise to potential liability. Further, in Paragraph 8 of the February Complaint, Plaintiffs state that Woodlake Care Group, LLC and Leisure Care, LLC would be referred to as the "Corporate Defendants". *See,* **Exhibit 5**, ¶¶ 4, 5, 9, 10, 11, 12, 13, 14, 15 and 16.

Plaintiffs amended the March Complaint on or about March 22, 2022, adding

DEFENDANTS' NOTICE OF REMOVAL

Woodlake Care Group, LLC and Leisure Care, LLC as defendants. *See,* **Exhibit 4.**

On April 1, 2022, before the new Summons was issued for the amended March Complaint, Plaintiffs filed a Motion for Preference and Trial Setting Within 120 Days in the Superior Court and set the hearing for April 15, 2022, despite the fact the only necessary parties to the action - Woodlake Care Group, LLC and Leisure Care, LLC, still had not been served with process. *Escudero Decl.,* ¶ 4. Plaintiffs' motion was improper and premature as California Code of Civil Procedure Section 36(a) prohibits the filing of a motion for preference until all essential parties have been served with process or appeared in the action. *Cal. Code Civ. Proc.* § 36(a). Given the procedural deficiencies, Plaintiffs' motion has not yet been adjudicated in the Superior Court. *Escudero Decl.,* ¶ 5.

The pleading and procedural tactics employed by Plaintiffs to obtain an unfair litigation advantage over Defendants continue with the fraudulent joinder of a local defendant.

## IV.  PLAINTIFFS JOINED MS. SWEARINGEN TO AVOID REMOVAL

Plaintiffs include Ms. Swearingen in this lawsuit solely to defeat diversity jurisdiction. As Ms. Swearingen is fraudulently joined, her citizenship may be disregarded in assessing subject matter jurisdiction. "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity. In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were "fraudulently" named or joined solely to defeat diversity jurisdiction. *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 501 (E.D. Pa. 2011)

Joinder is fraudulent if "there is no reasonable basis in fact or colorable

ground supporting the claim against the joined defendant, **or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment**." *Id.* (emphasis added); *See, McCabe v. General Foods Corp.,* 811 F2d 1336, 1339 (9th Cir. 1987). If the district court determines that the joinder was "fraudulent" in this sense, the court can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Yellen, supra,* 832 F. Supp. 2d 490, 501.

Plaintiffs have no intention to prosecute the action against Ms. Swearingen or seek a joint judgment. Plaintiffs knew of Ms. Swearingen's identity, her relationship to The Woodlake, and the basis for any potential claims of misconduct against her well before filing the February Complaint but did not name her as a defendant. Had Plaintiffs intended to prosecute the action against Ms. Swearingen or seek a joint judgment against her and the corporate defendants because she was a necessary party to the action, surely Plaintiffs would have named her as a defendant from the outset.

Plaintiffs only named Ms. Swearingen after the February Complaint was removed and Plaintiffs realized the action would be litigated in federal court, rather than their preferred forum of state court, unless Plaintiffs found a local defendant. Plaintiffs quickly dismissed the action in federal court and two days later filed the March Complaint naming a local defendant in an attempt to defeat diversity.

Further, it is clear Plaintiffs have no true intention to prosecute the case against Ms. Swearingen given the claims, allegations, and causes of action asserted in the March Complaint. Plaintiffs do not allege any specific wrongdoing by Ms. Swearingen, and do not include any new or different causes of action, claims, or allegations against her. In fact, the only change Plaintiffs made from the February Complaint to the March Complaint related to Ms. Swearingen's alleged culpability is the insertion of the clause "including Ms. Swearingen" (or a variation thereof) to

DEFENDANTS' NOTICE OF REMOVAL

Paragraphs 19, 35, and 36. *See* **Exhibits 3, 5**.

Plaintiffs' true intention is to prosecute the case and seek a judgment against Woodlake Care Group, LLC and Leisure Care, LLC for the alleged misconduct of the facility staff in order to obtain the enhanced remedies of pre-death pain and suffering, attorneys' fees, and costs that are only available against an employer, not against the employees that engaged in the alleged misconduct. *See, California Civil Jury Instructions* 3102A, 3102B.

Plaintiffs' maneuvers are nothing more than an attempt to avoid removal. Under these circumstances, Ms. Swearingen is fraudulently joined. *See, AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F2d 1000, 1003 (4th Cir. 1990) ("a joinder is fraudulent if there is no real intention to get a joint judgment"); *see also, Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921) ("this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"). Ms. Swearingen's citizenship should be disregarded for the purposes of determining diversity.

## III.  DEFENDANTS HAVE COMPLIED OR WILL COMPLY WITH ALL PROCEDURAL REQUIREMENTS

All properly-joined defendants join in this Notice of Removal. Joinder in the notice of removal is not required by persons named as defendants solely to prevent removal. *Chambers v. HSBC Bank USA, N.A.*, 796 F3d 560, 564-565 (6th Cir. 2015); *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services,* 925 F2d 866, 871 (5th Cir. 1991). Accordingly, Ms. Swearingen's joinder in this Notice is not required.

This Notice is timely under the provisions of 28 U.S.C. §1446(c). Further, the United States District Court for the Eastern District of California embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(c)(1).

Copies of all process, pleadings, and orders from the Superior Court action are filed with this Notice of Removal, attached hereto as **Exhibit 7**. Defendants will provide written notice to Plaintiffs of this filing as required by 28 U.S.C. § 1446(d), and a copy of this Notice of Removal will be filed with the clerk of the Superior Court of California, Sacramento County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Woodlake Care Group, LLC and Leisure Care, LLC pray that the above-entitled action now pending in the Superior Court of the State of California, County of Sacramento, be removed therefrom to the United States District Court for the Eastern District of California, and pray that said action stand so removed.

Dated:  May 5, 2022

Respectfully submitted,

**DLA PIPER, LLP (US)**

By:  /s/*Michael Fluhr*\_\_\_\_\_ _____
Michael Fluhr

Attorneys for Defendants,
WOODLAKE CARE GROUP, LLC
AND LEISURE CARE LLC

**PROOF OF SERVICE**

*Helen Darbison, et al., v. Woodlake Care Group LLC, et al.,*
Superior Court of the State of California, County of Sacramento
Case No. 34-2022-00316935

I, Travis Jensen, declare:

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, California 94105. On May 5, 2022, I served a copy of the within document(s):

NOTICE OF REMOVAL BY DEFENDANTS WOODLAKE CARE GROUP, LLC DBA THE WOODLAKE AND LEISURE CARE, LLC

¨    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

¨    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

¨    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

William T. McLaughlin II                *Attorneys for Plaintiffs Helen*
Thomas G. C. McLaughlin               *Darbison And Ellie Lonanecker*
Jordan K. Dixon
McLAUGHLIN DIXON LLP
770 L Street, Suite 950
Sacramento, CA 95814
Telephone: (800) 615-2361
Facsimile: (916) 435-6565
Email:       wtm@mdxlaw.com
             tom@mdxlaw.com
             jordan@mdxlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

1    U.S. Postal Service on that same day with postage thereon fully prepaid in the
2    ordinary course of business. I am aware that on motion of the party served,
     service is presumed invalid if postal cancellation date or postage meter date is
3    more than one day after date of deposit for mailing in affidavit.

4         I declare under penalty of perjury under the laws of the State of California
     that the above is true and correct.

5
6         Executed on May 5, 2022, at San Francisco, California.

7                              _/s/ Travis Jensen_
                                Travis Jensen

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28