UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HELEN DARBISON, individually; and ELLIE LONGANECKER, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICHELLE SWEARINGEN; WOODLAKE CARE GROUP LLC dba THE WOODLAKE; LEISURE CARE LLC; and DOES 1 to 100, inclusive,<br><br>        Defendants. | No. 2:22-cv-00760 WBS AC<br><br>ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiffs brought this action in Sacramento County Superior Court based on injuries plaintiff Helen Darbison allegedly suffered as a resident at a residential care facility operated by defendants.  (See Compl. (Docket No. 1-3).) Plaintiffs assert claims for elder abuse, multiple forms of fraud, and negligent infliction of emotional distress.  (Id.) After defendants removed the case to this court, (see Notice of

1

1  Removal ("Notice") (Docket No. 1)), plaintiffs filed the instant
2  motion to remand the case back to state court, (see Mot. (Docket
3  No. 9-1)).[1]

## I. Factual and Procedural Background[2]

After receiving a total hip arthroplasty, being injured during a fall, and suffering a stroke, plaintiff Darbison, who is legally blind and auditorily impaired, moved to defendants' The Woodlake facility in June of 2021. (Compl. at ¶¶ 17-19.) Given her history and conditions, the Woodlake staff, including defendant Swearingen, were aware that Darbison was a high fall risk and therefore required staff supervision and assistance when ambulating and when using the bathroom. (Id. at ¶¶ 19-22.) Nevertheless, because of significant understaffing at The Woodlake, Darbison fell multiple times while residing there, resulting in significant injury, and on one such occasion Woodlake staff failed to send her to the hospital or promptly notify her physician. (Id. at ¶¶ 23-24.) Darbison continues to suffer from medical complications due to her final fall, during which she sustained a significant head injury. (Id. at ¶ 25.)

Plaintiffs filed this action in Sacramento County Superior Court on March 15, 2022. (Compl.) Defendants removed to this court on May 5, 2022, based on diversity jurisdiction. (Notice.)

---

[1] This motion was determined to be suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing on the motion, currently scheduled for July 25, 2022, at 1:30 p.m., is vacated.

[2] All facts recited herein are alleged in the complaint except as otherwise noted.

2

II.  Discussion

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009).  On a motion to remand, defendants bear the burden of showing that federal jurisdiction is appropriate. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).  Where there are any doubts regarding the propriety of removal, the case should be remanded. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998) (If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court.") (citing 28 U.S.C. § 1447(c)).

A district court will have original jurisdiction based on diversity when the amount in controversy exceeds $75,000 and there is complete diversity between the parties -- i.e., "if there is no plaintiff and no defendant who are citizens of the same State."  28 U.S.C. § 1332(a)(1); Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998).  In evaluating whether there is complete diversity, however, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)).

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or

3

1   (2) inability of the plaintiff to establish a cause of action
2   against the non-diverse party in state court.'"  Id. (quoting
3   Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir.
4   2009)).  "Fraudulent joinder is established the second way if a
5   defendant shows that an 'individual[ ] joined in the action
6   cannot be liable on any theory.'"  Id. (quoting Ritchey v. Upjohn
7   Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)) (alteration in
8   original).  "But 'if there is a possibility that a state court
9   would find that the complaint states a cause of action against
10  any of the resident defendants, the federal court must find that
11  the joinder was proper and remand the case to the state court.'"
12  Id. (quoting Hunter, 582 F.3d at 1046); see id. (noting the Ninth
13  Circuit has "upheld rulings of fraudulent joinder where a
14  defendant . . . . presents extraordinarily strong evidence or
15  arguments that a plaintiff could not possibly prevail on her
16  claims against the allegedly fraudulently joined defendant")
17  (citations omitted); Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d
18  1110, 1113 (9th Cir. 2016).  "[T]he party invoking federal court
19  jurisdiction on the basis of fraudulent joinder bears a 'heavy
20  burden' since there is a 'general presumption against fraudulent
21  joinder.'"  Id. (quoting Hunter, 582 F.3d at 1046).

22       Defendants have not argued either means by which
23  fraudulent joinder may be established in the Ninth Circuit --
24  (1) actual fraud in the pleadings regarding a party's citizenship
25  or the amount in controversy or (2) plaintiffs' inability to
26  establish any claim against Swearingen.  Grancare, 889 F.3d at

4

548; (see Notice; Opp. (Docket No. 10)).³  Rather, defendants ask that the court apply another standard they refer to as the "Boyer intent test," set out by the Third Circuit in Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3d Cir. 1990), under which fraudulent joinder may be established by showing that the plaintiff has "no real intention in good faith to prosecute the action against the [alleged sham] defendant or seek a joint judgment." Id. at 111 (citation omitted); (see Opp. at 5 (arguing that "[plaintiffs'] lack of good-faith intent is an independent basis for finding fraudulent joinder; no long-winded inquiry into the viability of the claims is necessary")).  Under this proposed test, defendants argue the procedural history of this case provides circumstantial evidence that plaintiffs do not actually intend to prosecute any claims against defendant Swearingen, which defendants argue establishes that Swearingen was fraudulently joined.  (See id. at 11-16.)

The "Boyer intent test," however, is not the law of this circuit.  See Grancare, 889 F.3d at 548.  Although defendants acknowledge that this is the case, conceding that "the Ninth Circuit has not yet adopted the Boyer intent test," they nevertheless argue this court should apply it because the Ninth Circuit "also has not rejected it as a test of fraudulent joinder."  (Opp. at 11 n.2.)  This court declines to do so, inasmuch as application of defendants' proposed standard would entail a wholly speculative evaluation of plaintiffs' unstated

---

³ Because defendants concede that Swearingen, like Darbison, is a California resident, (see Opp. at 5; Notice at 3), it is clear that fraudulent joinder cannot be established here on the basis of actual fraud in plaintiffs' pleadings.

intentions, (see id. at 5 (requesting that the court analyze "[p]laintiffs' true intention")), and could result in a finding of fraudulent removal even if plaintiffs have meritorious claims against Swearingen based on non-fraudulent factual allegations. This analysis would run counter to Ninth Circuit precedent on fraudulent joinder, see Grancare, 889 F.3d at 548, and reaching this speculative conclusion would require the court to disregard the Ninth Circuit's admonition that any doubts regarding the propriety of removal be resolved in favor of remand, see Matheson, 319 F.3d at 1090.

Defendants also cite Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921), for the proposition that fraudulent joinder may be established solely on the basis that a plaintiff lacks a good-faith intent to prosecute his or her claims against the alleged sham defendant. (Opp. at 12-13.) However, Wilson expressly defines fraudulent joinder as joinder "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [alleged sham defendant]." 257 U.S. at 98 (emphasis added). The Court also described fraudulent joinder as "joinder of a resident defendant having no real connection with the controversy." Id. at 97. Wilson therefore makes clear that, to the extent fraudulent joinder may still be established based on a plaintiff's lack of genuine intent to prosecute his or her claims against an alleged sham defendant, defendants must also show that the plaintiff lacks "any reasonable basis in fact" for asserting claims against that defendant and that the defendant has "no real connection" to the case. Id. Because defendants make no such argument here -- even

in the face of plaintiffs' extensive arguments that they do possess meritorious claims against Swearingen and that Swearingen is intimately connected to the controversies in this case, (see Mot. at 8-16) -- defendants have failed to meet their burden in establishing fraudulent joinder. See Geographic Expeditions, 599 F.3d at 1107.

Because the court therefore cannot disregard the lack of complete diversity in this case, the court lacks jurisdiction and the case must be remanded to state court. See Toumajian, 135 F.3d at 653; Matheson, 319 F.3d at 1090.[4]

IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand (Docket No. 9-1) be, and the same hereby is, GRANTED.[5] This action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.

Dated: July 21, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because defendants have failed to show that Swearingen was fraudulently joined, the court does not consider the parties' arguments regarding whether defendants waived their right to remove the case to this court, as those arguments are now moot. (See Mot. at 16-17; Opp. at 9-10.)

[5] Defendants' request for judicial notice (Docket No. 11) is denied as unnecessary to the resolution of the instant motion. Their opposition brief makes clear that they seek notice of the attached documents to show that plaintiffs lack a genuine intent to prosecute their claims against Swearingen. (See Opp. at 15-16.) As explained, however, such a showing does not establish fraudulent joinder unless defendants also show there is no "possibility that a state court would find that the complaint states a cause of action against" Swearingen, see Grancare, 889 F.3d at 548, which defendants have not argued is the case.